IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT L. MINETTE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

OPINION and ORDER

19-cv-908-wmc
18-cr-80-wmc

    Under 28 U.S.C. § 2255, petitioner Robert L. Minette moves to vacate a 108-month sentence imposed by this court on March 29, 2019, after pleading guilty to two charges of bank robbery in violation of 18 U.S.C. § 2113(a) and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). In particular, Minette challenges the mandatory, seven-year enhancement he received under § 924(c), arguing that federal bank robbery does not constitute a "crime of violence" as defined by that statute.

    Under Rule 4 of the Rules Governing Section 2254 Cases, which also applies to § 2255 cases, this court must review whether Minette's petition crosses "some threshold of plausibility" before the government will be required to respond. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). In conducting this review, the court has considered the substance of his petition along with the materials from his underlying criminal conviction. Unfortunately, since this review does not suggest that Minette has a plausible claim for relief, his petition will be denied.

OPINION

Section 2255 petitions are "neither a recapitulation of nor a substitute for a direct appeal." *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Instead, relief under § 2255 "is reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), involving "errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).

In substance, petitioner Minette claims that the § 924(c) enhancement he received is no longer valid considering the United States Supreme Court's decision in *United States v. Davis,* -- U.S. --, 139 S. Ct. 2319, 2019 WL 2570623 (June 24, 2019). However, in *Davis*, the Supreme Court only invalidated an enhancement for a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague, while leaving § 924(c)(3)(A) in-tact. 134 S. Ct. at 2336. Specifically, § 924(c)(3) defines a crime of violence as "an offense that is a felony and -- (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(A) & (B). The impact of the Supreme Court's distinction in *Davis* between the constitutionality of applying an enhancement under the definitions in (A) and (B) is crucial for purposes of petitioner's claim since the Court of Appeals for the Seventh Circuit has determined that the federal crime of bank robbery for which he was convicted, § 2113(a), "fits easily into the 'elements clause' of the definition of a crime of violence because even when committed 'by

2

intimidation,' it has 'as an element the use, attempted use, or threatened use of physical force against the person or property of another'" under § 924(c)(3)(A). *United States v. Williams*, 864 F.3d 826, 827 (7th Cir. 2017).

Petitioner further cites in support of his claim a decision from the Tenth Circuit, *United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019), holding that *Davis* applied retroactively on collateral review, but that case offers relief only if his enhancement had been under § 924(c)(3)(B). However, since petitioner was convicted of a federal bank robbery offense as a crime of violence under § 924(c)(3)(A), the Seventh Circuit's decision in *Williams* still controls.

Given that Minette does not challenge his sentence in any other respect, the court must deny his motion to vacate. Under Rule 11 of the Rules Governing Section 2255 Cases, the court must also issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), meaning that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Here, no certificate of appealability will issue because Minette has not made a substantial showing of a denial of a constitutional right.

ORDER

IT IS ORDERED that:

(1) Robert L. Minette's petition under 28 U.S.C. § 2255 (dkt. #1) is DENIED.

(2)     No certificate of appealability will issue.

Entered this 28th day of September, 2021.

          BY THE COURT:

          /s/

          _____
          WILLIAM M. CONLEY
          District Judge